**WRIGHT v. UNITED STATES et al.**

No. 7670.

United States District Court
W. D. Missouri, W. D.

Sept. 11, 1953.

Enos A. Axtell, Kansas City, Mo., for plaintiff.

Ben E. Pener, Kansas City, Mo., for Diana Jane Wright.

Edward L. Scheufler, Kansas City, Mo., by Paul R. Shy, Chillicothe, Mo., for U. S. Asst. U. S. Atty.

REEVES, Chief Judge.

This is an action on a policy of National Service Life Insurance. Such insurance was issued pursuant to the provisions of Section 801 and the following sections, Title 38 U.S.C.A.

The only question for decision is whether the insured soldier intended to name the plaintiff, his mother, as beneficiary. The facts otherwise are not in dispute and an examination of the pleadings and the proffered exhibits shows that there could be no dispute on this question.

The soldier, Millard Rolland Wright, while a member of the armed forces, on April 1, 1942, was granted a policy of insurance in the sum of $10,000, which policy was numbered N 3 321 707. The plaintiff was named as beneficiary in that policy. It was issued as a 5-year level premium term plan. The premiums on this insurance were paid until October, 1945, apparently

the date when the insured was discharged from the army, and lapsed for nonpayment of premiums December 1, 1945.

Early in the year 1948 the insured re-enlisted in the army and in due course applied for a policy of insurance in the same amount, namely, $10,000, and such insurance was granted on August 5, 1950. The application was designated as an "Application for Reinstatement". And, as indicated, it was executed on August 5, 1950, more than two years after the soldier had re-enlisted. Before he enlisted for the second time the soldier had married the defendant, Diana Jane Wright, now his widow, but she was not designated as beneficiary in his insurance. Since the application was for reinstatement of the policy granted on April 1, 1942, it is the contention of the plaintiff that she continued as beneficiary in the new insurance. This, of course, would be true if it were in fact a reinstatement of the policy wherein she was named as beneficiary. However, as the application for reinstatement contains the recital that it was an application for reinstatement of a "Five-Year Level Premium Term Plan" such reinstatement could not be effected under the statute. The statute specifically provides, see paragraph (f) section 802, Title 38 U.S.C.A., as follows:

"Such insurance shall be issued upon the five year level premium term plan, * * *. All five year level premium term policies shall cease and terminate at the expiration of the five year term period."

It is obvious, therefore, that the original policy ceased and terminated on March 31, 1947. The assured, therefore, had no insurance that was subject to reinstatement, and, moreover, an examination of the statute fails to reveal any provision in the law for reinstatement of national life insurance.

The form of application submitted to the applicant, previously insured, would not have the effect to override the statute nor could it be effective to reinstate a policy which the statute specifically provided should "cease and terminate at the expiration of the five year term period." The authorities recognized that fact and issued a new policy with a new number. The first policy was numbered "N 3 321 707" whereas the policy issued August 5, 1950 was numbered "V 1624–00–30". Admittedly, this policy was in force at the time the insured was killed in action in Korea on September 15, 1950. The premiums were all paid on the new insurance and liability accrued against the government for the payment of benefits as prescribed by statute. Since the mother was not named as beneficiary in the new insurance and since the insured was married, under the statute the widow became entitled to the benefits, whether in her own right or as administratrix of her husband's estate. Whatever the procedure in paying the money over to the widow, it is obvious that the plaintiff was not the beneficiary and had no interest in the insurance.

Accordingly, the motion for a summary judgment should be and will be sustained.