**Luis DOMENECH, Plaintiff**

v.

**UNITED STATES of America, the minor children Nelda Maria, Iris Violeta and Carlos Alfredo Domenech, and Maria del Carmen del Pilar, pro se and as mother with patria potestas over said children, Defendants.**

Civ. No. 103–58.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 24, 1959.

J. M. Toro Nazario, Rio Piedras, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty, San Juan, P. R., G. R. Padro Diaz, Arecibo, P. R., Harvey Nachman, San Juan, P. R., for defendants.

RUIZ-NAZARIO, District Judge.

This action is before the Court for a decision on the merits, pursuant to a Stipulation of Facts filed by the parties on March 31, 1959 supplemented by a photostatic copy of the decision of March 7, 1959 of the Board of Veterans Appeals, which denied the claim of plaintiff herein, Luis Domenech, as alleged beneficiary to insurance benefits, under a certain National Service Life Insurance policy on the life of veteran Alfredo Domenech Cruz found to have been in force at the date of his death.

The parties have submitted several briefs in support of their respective contentions.

After due consideration of the issues, the above mentioned stipulation, the decision of the Board of Veterans Appeals attached thereto, the briefs of counsel, and the law on the subject, the Court now finds itself duly advised in the premises.

The parties have not produced the record of the proceedings before the Veterans Administration on which the decision complained of was based. Although the contents of said record no doubt would have been of great help to the court in rendering this decision, it does not appear to be indispensable for that purpose. The stipulation of the parties and the decision of the Board of Veterans Appeals abundantly supply sufficient facts upon which to decide the matters at issue.

Thus, it has been shown and I find as the facts that:

(1) The deceased veteran, Alfredo Domenech Cruz, who had been in the military service since April 16, 1941, was originally granted policy No. N 1198–52–24, Five Year Level Premium Term National Service Life Insurance in the amount of $10,000, effective as of July 1, 1943.

(2) On the effective date of said insurance, the insured was single and he designated his brother, the plaintiff herein Luis Domenech, as the beneficiary, and another brother, Amilcar Domenech, not a party herein, as contingent beneficiary.

(3) The insured was honorably discharged from military service on January 29, 1946.

(4) Because of the non-payment of premiums, and pursuant to law, said original policy No. N 1198–52–24, lapsed on March 1, 1946.

(5) On March 18, 1946, the veteran married defendant Maria del Carmen del Pilar. Three children, the minor defendants Nelda Maria, Iris Violeta and Carlos Alfredo Domenech were born from their marriage. From the date of his marriage until his death on November 29, 1955, the veteran lived in company with his aforesaid wife and children.

(6) The veteran received disability compensation as the result of a neuropsychiatric disorder (payment therefor for the most part being made to his said wife), it being determined by the Veterans Administration, for the purposes of said disability compensation payments that the veteran was mentally incompetent since August 21, 1946.

(7) The original policy of National Service Life Insurance, 5 LPT No. N 1198–52–24, on which plaintiff Luis Domenech Cruz was the beneficiary, and which had lapsed for non-payment of premiums on March 1, 1946, remained in an inactive status since that date and for a period of approximately eight years, there being no protection afforded to the beneficiary thereunder, the plaintiff herein, either as the result of premium payments or as a result of any other action on the part of the veteran or on the part of said beneficiary during all the aforesaid period.

(8) During the aforesaid period of approximately eight years of inactive status, the original term insurance expired on June 30, 1951, and the original contract, Policy 5–LPT No. 1198–52–24 of National Service Life Insurance on which the herein plaintiff Luis Domenech had been the beneficiary, lawfully came into a state of expiration, and ceased to exist validly.

(9) At no time during the entire period after the lapse of the insurance on March 1, 1946, and until its expiration of June 30, 1951, did the veteran manifest any interest in maintaining insurance protection for the herein plaintiff Luis Domenech.

(10) Thereafter, on November 17, 1953, Maria del Carmen del Pilar, wife of the veteran, and co-defendant herein, was appointed legal guardian for her husband, who had been adjudged incompetent and incapable of administering his property, by the Superior Court of Puerto Rico, Arecibo Section. As hereinbefore set out, the Veterans Administration had found said veteran incompetent, for the purposes of disability compensation, from August 21, 1946.

(11) On December 21, 1953, co-defendant Maria del Carmen del Pilar, as guardian of said incompetent veteran, filed with the Veterans Administration an application for waiver of Premiums of National Service Life Insurance on behalf of her husband and ward.

(12) On January-February 1954 said waiver was approved by the Director of the Insurance Service of the Veterans Administration, and thereby insurance protection was again obtained on the life of the veteran, as a result of said application of the guardian. Another policy of National Service Life Insurance was issued for a new term period effective July 1, 1951. This new policy was designated as "Pen. 5 LPT No. V–1736–06–32 in the amount of $10,000.00, effective July 1, 1951". No beneficiary was named thereon.

(13) At the time that the application for this additional insurance was made, and the new policy was issued, over two and one half years, from the expiration of the original policy No. N 1198–52–24, had passed.

(14) The insured veteran died on November 29, 1955.

(15) The Board of Veterans Appeals on March 7, 1959 entered its decision in Docket No. 426817 holding: (a) that National Service Life Insurance Policy Number N 1198–52–24, 5 LPT in the amount of $10,000, under which plaintiff herein Luis Domenech had been designated beneficiary, had expired and was not in force at the time of the insured veteran's death and that plaintiff had no rights in the proceeds thereof, his claim to that effect being denied; (b) that the only insurance in force, at the time of said death, was the new or additional National Service Life Insurance Policy Number V–1736–06–32, Pen. 5 LPT in the amount of $10,000, under which the veteran had not had an opportunity of designating a beneficiary and that the proceeds thereof were therefore payable to his estate.

Upon the above findings of fact, the court arrives at the following:

## Conclusions of Law

1. Pursuant to Sec. 802(f), Title 38 U.S.C.A.[1] all level premium term policies, such as the original Policy Number N 1198–52–24 on which plaintiff herein had been designated beneficiary, cease and terminate at the expiration of the term period, except as provided therein below in said sub-section.

The exception to said termination is provided for in the first two provisos of the sub-section, under which, in cases where the policy is *lapsed,* and only in the event the lapse occurred *not earlier* than two months prior to the expiration of the term period, the insurance shall be renewed as level-premium-term insurance for a successive five-year period; and reinstatement in such cases shall be under terms and conditions prescribed by the Administrator.

Under the third proviso thereof in any case in which the insured is shown by evidence satisfactory to the Administrator to be totally disabled at the expiration of the level premium term period of his insurance under conditions which would entitle him to continued insurance protection but for such expiration, such insurance, if *subject to renewal under the provisions of said sub-section* (f), shall be automatically renewed for an additional period of five years.

2. The original National Service Life Insurance Policy Number N 1198–52–24 5 LPT in the amount of $10,000, under which plaintiff herein Luis Domenech had been designated the beneficiary having lapsed on March 1, 1946 (see Finding No. 4) and its term having expired on June 30, 1951 (see Finding No. 8), the aforesaid lapse having occurred much earlier than two months prior to the said expiration of the term period, it was not subject to renewal under the provisions of Section 802(f), Title 38 U.S.C.A., supra. Said policy not being subject to renewal thereunder, it could not be automatically renewed under the third proviso of said section, even though the insured may have been shown by evidence satisfactory to the Administrator to have been totally disabled at the expiration of the term period of his insurance under conditions which would have entitled him to continued insurance protection but for such expiration.

3. The conclusion of the Board of Veterans Appeals, in its decision of March 7, 1959 that said National Service Life Insurance Policy No. 1198–52–24 ceased and expired on June 30, 1951 and that it has been no longer in force, since then, is correct.

4. The provisions of Sec. 802(f) Title 38 U.S.C.A. hereinbefore applied are those incorporated by the amendatory Act of August 1, 1956 made effective as of July 23, 1959 by Section 602(b) of said amendatory Act. But if it were contended that the applicable language of Section 802(f), Title 38 U.S.C.A. is that it had prior to the effective date of said 1956 amendment, there would be a still stronger reason to support the Board of Veterans Appeals and this Court's conclusion that Policy Number N 1198–52–24 terminated and expired on June 30, 1951 and is no longer in force since that date.

Under the language of the provision, prior to said amendment, a policy which had lapsed at any time prior to the expiration of the term period, was not subject to renewal. As the policy in question was lapsed since March 1, 1946 it was not subject to renewal on June 30, 1951 when its term expired.

5. The only policy in force at the time of the insured veteran's death was National Service Life Insurance Policy Number V 1736–06–32 Pen. 5 LPT $10,-000 which had no designated beneficiary. This was a policy effective July 1, 1951, providing new insurance protection, obtained on the life of the veteran, as the result of an application made on December 21, 1953 (see Finding No. 11) for waiver of premiums submitted by co-defendant Maria del Carmen del Pilar, as guardian of said incompetent veteran. Plaintiff has no right or interest whatso-

1. Now 38 U.S.C.A. §§ 704–707.

ever in the proceeds of this policy. As there was no designated beneficiary thereunder, the proceeds of the same are payable to the estate of the deceased veteran, pursuant to law.

The decision of the Board of Veterans Appeals entered on March 7, 1958, is also correct in this respect. See: Wright v. United States, D.C., 114 F.Supp. 693.

Judgment directing that plaintiff have and recover nothing from the defendant, the United States of America and that his complaint be dismissed, and also directing that the proceeds of the National Service Life Insurance Policy in force at the time of the death of the insured veteran Alfredo Domenech Cruz, be paid to his estate, will be entered.